## State of Vermont v. Linwood Steinhour

[607 A.2d 888]

No. 91-096

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 3, 1992

*James A. Hughes*, Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant appeals a judgment revoking his probation based on admissions of drug use he made to his probation officer. He claims these statements should not have been used against him because they were compelled in violation of his privilege against self-incrimination. We affirm.

Defendant was convicted of lewd and lascivious conduct with a child, sentenced to 1–5 years, suspended, and placed on probation with conditions. The conditions included requirements that defendant report to his probation officer as the officer required, that he participate in any program to which his probation officer referred him, and that he not "purchase, possess or consume regulated drugs." The probation form advised that if he violated any of the conditions, he could "be brought before the court to be further dealt with according to law."

During a routine meeting to review his probationary status, the probation officer asked defendant if he had been abstaining from drugs and "would [he] come clean" if given a urinanalysis test. Defendant responded by admitting he had smoked marijuana. At a subsequent meeting, defendant told the probation officer that he had been using marijuana "once a week to once a month," and at a later meeting when asked about his drug use, he told his probation officer that he had been smoking between one and two joints a day. The court revoked defendant's probation on this evidence.

▮ Defendant does not claim a failure to warn him of his privilege against self-incrimination under *Miranda*. Rather, he maintains that the circumstances supported a reasonable belief that an assertion of the privilege would itself be a ground to revoke probation, which rendered his confessions involuntary. Assuming defendant's probationary status required him to answer the officer's questions and a refusal to answer them under a claim of privilege against self-incrimination could be a ground to revoke probation, we conclude defendant's answers did not violate his privilege against self-incrimination under either the Fifth Amendment[1] or the Vermont Constitution.[2]

We recognize that the existence of the privilege in these circumstances compels a defendant to choose between three alternatives: answering truthfully or falsely or remaining silent. If defendant is guilty of conduct which is a violation of probation, whether it is the conduct admitted in his answers to the probation officer's questions or other conduct, his answers are relevant and may be used against him in the revocation hearing. That is because defendant is not being compelled to give statements to be used against him in a *criminal* proceeding.

Defendant relies on a case decided by the United States Supreme Court, *Minnesota v. Murphy*, for the proposition that:

> The general rule that the privilege must be claimed when self-incrimination is threatened has . . . been deemed inapplicable in cases where the assertion of the privilege is pe-

---

[1] "No person . . . shall be .compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

[2] "[I]n all prosecutions for criminal offenses, a person . . . [cannot] be compelled to give evidence against himself . . . ." Vt. Const. ch. I, art. 10.

nalized so as to "foreclos[e] a free choice to remain silent, and . . . compe[l] . . . incriminating testimony."

465 U.S. 420, 434 (1984) (quoting *Garner v. United States*, 424 U.S. 648, 661 (1976)). In *Murphy*, as here, a probationer made incriminating admissions during a meeting with his probation officer without asserting his privilege to remain silent.

Defendant, however, misconstrues the impact of *Murphy* when he takes it a step further and asserts that the "compelled" statements cannot be used in a noncriminal proceeding. *Murphy* involved a claim of "waiver" of the privilege by the probationer's failure to assert the privilege when questioned by a probation officer. *Murphy* is readily distinguished because there the State sought to introduce defendant's statements in a criminal proceeding, namely, his prosecution for first-degree murder. Simply put, the privilege does not prevent compelled testimony of the sort elicited here to be used in a probation revocation proceeding.

Nor does the potential that the State might prosecute defendant on drug charges, and seek to use his admitted drug consumption against him, change the nature of this case. The State did not criminally charge him and if it had done so, a motion to suppress would stand squarely in both the Fifth Amendment and Article 10. As stated in *Murphy*:

> There is thus a substantial basis in our cases for concluding that if the State, either expressly or by implication, asserts that invocation of the privilege would lead to revocation of probation, it would have created the classic penalty situation, the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and inadmissible *in a criminal prosecution.*

*Id.* at 435 (emphasis added).

If answers to a probation officer's legitimate questions are subject to the privilege against self-incrimination in a revocation proceeding, a core purpose of probation would be undermined. Such a view has been expressly rejected. "[A] State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimina-

tion." *Id.* at 436 n.7; see also *Asherman v. Meachum,* 60 U.S.L.W. 2566 (2d Cir. Feb. 13, 1992) (No. 90-2530) (administrative revocation of convicted defendant's supervised home release following his refusal to answer questions that might tend to incriminate but that are relevant to proper exercise of administrative authority does not violate Fifth Amendment privilege against compelled self-incrimination). We are not faced with overreaching behavior by authorities to extract information from a probationer and need not address in this case conduct that may be so offensive as to violate due process.

Conceding that the State may compel answers to relevant questions about conditions of probation, defendant contends that the State is required to advise the probationer that his answers will not be used against him in a criminal proceeding. A failure to comply with this requirement, however, will be relevant only when the State seeks to use the statements in a criminal proceeding. It does not follow that what the State is precluded from doing in a hypothetical case not before us somehow taints the procedure in this case. The purpose of a probation officer's questions about the probationer's behavior related to and affecting his probation is ordinarily not aimed at ferreting out evidence to support an additional criminal prosecution. To require a probation officer to explicitly assure a probationer that any statements made will *not* be used against a probationer in a criminal proceeding to make them admissible in a revocation proceeding is an overtechnical use of the law for no apparent purpose.

*Affirmed.*